**WO**                                                                                           SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Edward Smith, | No. CV 09-0076-PHX-MHM (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Towers Medical Facility, et al., | |
| Defendants. | |

Plaintiff Ronald Edward Smith, who is confined in the Towers Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. (Doc.# 1, 3.)[1] The Court will dismiss the Complaint with leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

---

[1] "Doc.#" refers to the docket number of filings in this case.

**JDDL-K**

## II.   Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim with leave to amend because the Complaint may possibly be saved by amendment.

## III.   Complaint

Plaintiff alleges two counts for failure to provide constitutionally adequate medical care. He sues the Towers Medical Facility, Towers Jail medical staff, MCSO Towers Facility, and Towers Jail medical providers. Plaintiff seeks injunctive and compensatory relief.

## IV.   Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A. Failure to Name a Proper Defendant

To state a claim under § 1983, a plaintiff must sue a "person" who, acting under color of state law, violated the plaintiff's constitutional rights. A "person" for purposes of § 1983, includes officials or officers who directly violated or caused a violation of a plaintiff's constitutional rights. Further, a supervisor "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). In addition, Rule 10(a) of the Federal Rules of Civil Procedure requires a plaintiff to include the names of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint or amended complaint upon an anonymous or unnamed defendant. That is, a plaintiff must sue the "persons" responsible, not "staff" or fictitiously-named defendants.

In addition to individual officers, a municipality is also a "person" for purposes of § 1983, i.e., a municipality, such as a city or county, may be sued. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166 (1993); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). To state a claim against a municipality under § 1983, a plaintiff must allege facts to support that his constitutional rights were violated pursuant to a policy or custom of the municipality. Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001) (citing Monell, 436 U.S. at 690-91; Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). Therefore, a plaintiff cannot state a § 1983 claim against a municipal defendant unless he alleges that the municipal defendant maintained a policy or custom pertinent to the plaintiff's alleged injury and explains how such policy or custom caused his injury. Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).

Plaintiff in part sues the Towers Medical Facility and MCSO Towers Facility. Neither of these is a "person" subject to suit pursuant to § 1983. Therefore, they will be dismissed.

1  Plaintiff otherwise sues Towers Jail medical staff and medical providers.[2] Medical "staff"
2  and "providers" are not proper Defendants. As noted above, Plaintiff must name the
3  "person(s)" who allegedly violated his rights. Accordingly, Towers Jail medical staff and
4  medical providers will be dismissed as Defendants.

### B. Medical Care

Plaintiff alleges in both counts the denial of constitutionally adequate medical care. To state a claim for denial of constitutionally adequate medical care, a plaintiff must allege facts to support that he has or had a serious medical need and that a particular defendant acted with deliberate indifference to that need. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Lolli v. County of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003). To allege a serious medical need, a plaintiff must set forth facts to support that the "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*)). A plaintiff must also allege facts to support that a defendant was deliberately indifferent to a serious medical need. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). Deliberate indifference may occur if "prison officials deny, delay or intentionally interfere with medical treatment." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988). Mere negligence, however, "in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." Lopez, 203 F.3d at 1132 (quoting Hutchinson, 838 F.2d at 394). Further, a delay in receiving medical care, without more, is insufficient to state a claim against a jailor for deliberate indifference unless the plaintiff can show that the delay in treatment harmed him. Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). A difference in medical opinion

---

[2] In Arizona, the responsibility for operating jails and caring for prisoners is placed by law upon the sheriff, see A.R.S. §§ 11-441(A)(5), 31-101, and the County, see A.R.S. §§ 11-251(8), 11-291(A).

JDDL-K                                                        - 4 -

1   also does not amount to deliberate indifference.  See Toguchi, 391 F.3d at 1058.  Rather, to
2   prevail on a claim involving choices between alternative courses of treatment, a prisoner
3   must show that the chosen course was medically unacceptable under the circumstances and
4   was chosen in conscious disregard of an excessive risk to the prisoner's health.  Id.
5   Similarly, differences in judgment between an inmate and prison medical personnel regarding
6   appropriate medical diagnosis or treatment are not enough to state a deliberate indifference
7   claim.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

8   In Count I, Plaintiff alleges that he has neuropathy and that he may be on the verge
9   of losing his feet due to the lack of medical treatment despite numerous requests for
10  treatment.[3]  In Count II, he alleges that he is suffering pain due to severe injuries he is facing
11  and that an unnamed medical provider took him off pain medication due to overcrowding.
12  Plaintiff fails to connect these allegations to a person acting under color of state law.
13  Plaintiff also fails to allege facts to support that he has been diagnosed with a serious medical
14  condition that could result in neuropathy or the loss of his feet or that requires pain
15  medication.  Plaintiff also fails to set forth facts to support that anyone has acted with
16  deliberate indifference to his medical condition, i.e., facts to support that any defendant knew
17  of but disregarded a risk of substantial harm to Plaintiff.  For these reasons, Plaintiff fails to
18  state a claim in Counts I and II.

19  **V.     Leave to Amend**

20  For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state
21  a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first
22  amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail
23  Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails

---

[3] Stedman's Medical Dictionary (27th ed 2000) defines neuropathy as:
1. A classical term for any disorder affecting any segment of the nervous system.
2. In contemporary usage, a disease involving the cranial nerves or the peripheral or autonomic nervous system.

JDDL-K

- 5 -

1  to use the court-approved form, the Court may strike the amended complaint and dismiss this
2  action without further notice to Plaintiff.

3  Plaintiff must clearly designate on the face of the document that it is the "First
4  Amended Complaint." The first amended complaint must be retyped or rewritten in its
5  entirety on the court-approved form and may not incorporate any part of the original
6  Complaint by reference. Plaintiff may include only one claim per count.

7  A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963
8  F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,
9  1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as
10 nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original
11 complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d
12 565, 567 (9th Cir. 1987).

13 **VI. Warnings**

14 **A. Release**

15 Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
16 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
17 the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result
18 in dismissal of this action.

19 **B. Address Changes**

20 Plaintiff must file and serve a notice of a change of address in accordance with Rule
21 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other
22 relief with a notice of change of address. Failure to comply may result in dismissal of this
23 action.

24 **C. Copies**

25 Plaintiff must submit an additional copy of every filing for use by the Court. See
26 LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice
27 to Plaintiff.

28

### D.     Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### E.     Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.  (Doc.# 3.)

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)     The Complaint is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.  (Doc.# 1.)

(4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

/ / /

JDDL-K

- 7 -

1  (5) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil
2 rights complaint by a prisoner.
3  DATED this 12th day of February, 2009.

_____
Mary H. Murguia
United States District Judge